UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | No. 2:02-cr-0151-MCE |
| Plaintiff, | |
| v. | ORDER |
| SCOTT M. VOGELSANG, | |
| Defendant. | |

----oo0oo----

On December 29, 2006, Defendant Scott M. Vogelsang ("Vogelsang") filed a Motion for New Trial under Federal Rule of Criminal Procedure 33. Rule 33 requires that a request for new trial be made within seven days after a guilty verdict is reached, unless the motion is grounded on the purported discovery of new evidence, in which case a motion may be filed within three years following the date of verdict.

///
///
///
///

1

1   The guilty verdict in this matter was rendered on April 22,
2 2004.  The Motion now before the Court was submitted more than
3 two-and-a-half years later, and is timely only if it properly
4 alleges newly-discovered evidence within the purview of Rule 33.
5   In fact, a review of the Motion indicates that it almost
6 exclusively relates to allegations of ineffective assistance of
7 counsel, which are not generally considered newly discovered
8 "evidence" falling under Rule 33, since such allegations usually
9 go to counsel's effectiveness and not whether the defendant is
10 guilty or innocent of the charges levied against him, as newly-
11 discovered evidence must demonstrate.  U.S. v. Hanoum, 33 F.3d
12 1128, 1130-31 (9th Cir. 1994).  The allegations in the Motion to
13 the effect that defense counsel 1) failed to conduct proper
14 research; 2) failed to retain the appropriate experts; and 3)
15 failed to make obvious and meritorious objection to certain
16 evidence all relate to counsel's purported effectiveness and
17 consequently are time-barred at this time as not made within
18 seven days as required by Rule 33.
19   The only item identified in Vogelsang's Motion that could
20 arguably constitute newly-discovered evidence is Vogelsang's
21 claim that letters from CIGNA HealthCare, as attached to his
22 Motion, contain "significant exculpatory evidence that saps the
23 charging indictment of any validity".  (Motion, p. 1).  Vogelsang
24 only specifically identifies claims enumerated in CIGNA's March
25 25, 2005 letter that were submitted by his company between 1998
26 and 2001 and were ultimately denied.
27 ///
28 ///

1  Nor does Vogelsang explain just how that evidence is material to
2  his guilt or innocence, or whether it would probably have
3  produced an acquittal.  He also fails to demonstrate that his
4  failure to learn of the alleged evidence sooner was not due to a
5  lack of diligence on his part.  All these factors must be
6  disclosed in a Rule 33 Motion for New Trial based on newly-
7  discovered evidence.  U.S. v. Conley, 249 F.3d 38, 45 (1st Cir.
8  2001).  Vogelsang's Motion, insofar as it is premised on newly-
9  discovered evidence, accordingly fails.
10     Vogelsang's Motion is therefore DENIED in its entirety,
11 without prejudice to the filing of a petition under 28 U.S.C. §
12 2255 pursuant to which his ineffective assistance of counsel
13 claims may be cognizable.  While the instant motion also purports
14 to request that the record be expanded under the provisions of §
15 2255, relief under that section is not properly before the Court
16 at this time.
17     IT IS SO ORDERED.

Dated: January 22, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE