IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>    vs.<br><br>SCOTT MICHAEL VOGELSANG,<br><br>    Movant.<br>_____/ | No. CR S–02-0151-MCE-CMK<br>CIV S-07-0247-MCE-CMK<br><br><br>FINDINGS AND RECOMMENDATIONS |

        Movant, a federal prisoner proceeding pro se, brings this motion to correct or set aside a criminal judgment pursuant to 28 U.S.C. § 2255 (Doc. 194). Pending before the court is movant's motion for release on bail (Doc. 189). Movant's motions for appointment of counsel (Docs. 185 & 186), motion to correct the pre-sentence report (Doc. 188), and motion for leave to conduct discovery (Doc. 195) will be addressed separately.

        Movant was convicted of numerous counts of healthcare fraud, in violation of 18 U.S.C. § 1347. After a sentencing hearing held on September 6, 2005, a judgment and commitment order was issued on September 23, 2005. Movant was sentenced to 33 months in prison and 36 months supervised release. Movant was also ordered to pay $186,577.84 in restitution and a $2,000.00 special assessment. Movant, through counsel, filed a timely notice of

appeal challenging the conviction and sentence.  The Ninth Circuit Court of Appeals affirmed the conviction and sentence.

In his pro se motion for bail, which was filed in this court after the Ninth Circuit issued it's judgment but before the mandate was issued, movant states that he seeks bail "pending filing of [a] petition and memorandum under 28 U.S.C. § 2255." He states that it would be impossible for him to prepare his § 2255 motion while incarcerated.  Given that movant successfully filed a § 2255 motion on February 7, 2007, it appears that this was not the case.  In any event, because the § 2255 motion has been filed, movant's request for bail pending such filing is now moot.

Notwithstanding the foregoing reasons to deny movant's request for bail, the Bail Reform Act does not apply to federal prisoners seeking post-conviction relief.  See U.S. v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1994).  In the post-conviction context, bail is "reserved . . . for 'extraordinary cases involving special circumstances or a high probability of success.'" See id. (quoting Land v. Deeds, 878 F.2d 318 (9th Cir. 1989)).  As to special circumstances, movant has not alleged any.  Rather, he states that he requires bail because preparing his § 2255 motion while incarcerated would not be possible.  This is not a special circumstance, particularly given that movant was able to file his § 2255 motion even though he remained in custody.  As to the probability of success, movant raises various claims of ineffective assistance of counsel as well as a claim based on failure to disclose exculpatory evidence.  As to the latter, there is little chance of success given that the issue could have and should have been raised on direct appeal.  As to the former, movant's claims of ineffective assistance of counsel are not such that a high probability of success on the merits exists.  Rather, they appear to be garden-variety claims with the typical chance of success, not the high probability that is required for bail.

Based on the foregoing, the undersigned recommends that movant's motion for bail (Doc. 189) be denied.

/ / /

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 22, 2007.

                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE