UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT. M. VOGELSANG, | No. 2:02-cr-00151-TLN |
| Petitioner, | |
| v. | **ORDER ON WRIT OF ERROR CORAM NOBIS; EXPUNGEMENT** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter is before the Court on Petitioner Scott M. Vogelsang's ("Petitioner") Petition for Writ of Error Coram Nobis for Expungement.  (ECF No. 293.)  For the reasons set forth below, the Court DENIES the Petition.

///

///

///

///

///

///

///

///

///

1    **I.     FACTUAL AND PROCEDURAL BACKGROUND**

2    In 2004, Petitioner was convicted of devising a scheme to: (1) double bill Medicare and

3    Medi-Cal Programs for the same equipment; and (2) falsely bill Medicare and the Medi-Cal

4    Program for new wheelchairs but deliver less expensive motorized scooters and bill for

5    equipment never provided.  (*See* ECF No. 293-1.)  Petitioner filed this Petition for Writ of Error

6    Coram Nobis for expungement of this conviction on September 20, 2022.  (*Id.*)

7    **II.     STANDARD OF LAW**

8    The writ of coram nobis is available when the following four requirements are satisfied:

9    "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction

10   earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or

11   controversy requirement of Article III; and (4) the error is of the most fundamental character."

12   *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987); *see also United States v. Kwan*,

13   407 F.3d 1005, 1011 (9th Cir. 2005); *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir.

14   2002).  In reviewing a motion for coram nobis relief, a federal court is required to hold an

15   evidentiary hearing "unless the motion and the files and records of the case conclusively show

16   that the prisoner is entitled to no relief."  *See* 28 U.S.C. § 2255(b); *United States v. Taylor*, 648

17   F.2d 565, 573 n.25 (9th Cir. 1981) (stating that "[w]hether a hearing is required on a coram nobis

18   motion should be resolved in the same manner as habeas corpus petitions.")

19   **III.     ANALYSIS**

20   Petitioner argues he has satisfied the four requirements for coram nobis relief.

21   Specifically, he argues: (1) he has no other means of challenging the conviction; (2) he has valid

22   grounds for not challenging the conviction sooner; (3) he continues to face adverse consequences

23   if his conviction is not overturned sufficient to satisfy the case and controversy requirement of

24   Article III; and (4) the conviction is legally defective and fundamentally erroneous as a matter of

25   law.

26   Turning to the first element, Petitioner argues he is no longer in custody or under

27   supervision and thus expungement of his conviction by coram nobis is the only remedy available.

28

1   (ECF No. 293 at 15.)  It appears that Petitioner is no longer in custody or under supervision, and a

2   "more usual remedy" is likely not available for expungement.

3        For the second element, Petitioner claims he could not have attacked the conviction earlier

4   because the case *United States v. Univ. of Mass. Mem'l Med. Ctr.* ("*Univ. Mass.*") had not yet

5   been decided.  (ECF No. 293 at 16.)  Petitioner argues this case makes his conviction

6   unconstitutional because his actions did not involve a false claim, bribe, or kickback.  (*Id.*)  Yet

7   *Univ. Mass.* is a Massachusetts federal district court case that was overruled by the First Circuit in

8   2005.  *United States v. Univ. of Mass. Mem'l Med. Ctr.*, 296 F. Supp. 2d 20 (D. Mass. 2003),

9   overruled by *United States v. Lahey Clinic Hosp., Inc.*, 399 F.3d 1 (1st Cir. 2005).  In repealing

10  *Univ. Mass.*, the First Circuit held that the Medicare Act did not explicitly repeal a statutory grant

11  of jurisdiction to the district court in civil actions commenced by United States.  *Lahey Clinic*

12  *Hosp., Inc.*, 399 F.3d at 11.  It is unclear how this issue relates in any way to Petitioner's criminal

13  conviction.  Further, even ignoring the irrelevance of *Univ. Mass.*, Petitioner gives no explanation

14  as to why he did not raise this claim earlier given *Univ. Mass.* was decided in 2003.

15       Petitioner also claims that *Massachusetts v. Sebelius*, ("*Sebelius*") a First Circuit case,

16  makes his conviction unlawful.  638 F.3d 24 (1st Cir. 2011); (ECF 293 at 5.)  *Sebelius* concerned

17  the process of reimbursement to Medicaid, which again appears unrelated to Petitioner's

18  conviction.  (*Id.*)  If anything, *Sebelius* seems to support Petitioner's conviction as it reenforces

19  the rule that you cannot receive payment from both Medicare and Medicaid.  (*Id.*)  Again, even

20  putting aside the irrelevance of *Sebelius*, Petitioner gives no reason as to why he did not raise this

21  claim in 2011 when the case was decided.

22       Petitioner also claims that "the courts have refused to extend the double payment theory of

23  conduct that does not involve the paradigmatic case of false claims, bribery or kickbacks," but

24  does not cite any authority in support of this claim.  (ECF No. 293 at 16.)  Accordingly, this

25  argument is unpersuasive.

26       Petitioner's arguments, as discussed above, all lack merit and legal authority.  Further,

27  even looking past the legally erroneous arguments and the irrelevance of the cited authority, it

28

3

1    appears that each argument could have been raised sooner.  As such, Petitioner has presented no

2    viable claim for relief and provided no valid reasons for not attacking the conviction earlier.

3         As for the third element, Petitioner claims that as a result of this conviction, he is denied

4    an ability to earn a living in any federal, state, county, or local government, publicly traded

5    corporation, financial, banking or health field job due to his "federal exclusion and conviction."

6    (ECF No. 293 at 17.)  Petitioner also claims he has "lost other rights" but does not give details as

7    to these "other rights."  (*Id.*)  Petitioner presents little in factual evidence to support this argument

8    of adverse consequences.  Given the dearth of supporting material, the Court finds Petitioner has

9    failed to establish that adverse consequences exist from the conviction sufficient to satisfy the

10   case or controversy requirement of Article III.

11        For the fourth element, Petitioner claims there is a fundamental error in his conviction

12   because he was punished for an act that the law does not make criminal.  (*Id.*)  Yet, Petitioner

13   provides no applicable authority to support this contention and the Court can find none.

14        Petitioner does not give the Court any reasoning or any legal authority to support an

15   argument that elements two, three, or four are met for a grant of coram nobis.  Therefore, the

16   record before the Court conclusively shows that Petitioner is not entitled to relief.  The Petition

17   does not warrant a response from the Government, and this Court DENIES the Petition for Writ

18   of Error Coram Nobis.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

IV.     CONCLUSION

2        For the foregoing reasons, the Court hereby DENIES the Petition for Writ of Error Coram

3    Nobis.  (ECF No. 293.)

4        IT IS SO ORDERED.

5    **DATED:  January 11, 2023**

6                                                                    Troy L. Nunley
                                                                     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5